CARSON v. SUMTER COUNTY.

For conveying prisoners from one place to another, the statute provides that the sheriff shall be paid "for every mile going and returning, besides all necessary expenses, six cents." *Gen. Stat.*, § 2437. *Held*, that under this section the sheriff was entitled to be reimbursed his railroad fare in addition to the payment of the mileage prescribed.

Before WALLACE, J., Sumter, May, 1889.

Appeal by the County of Sumter from a judgment of the Circuit Court in favor of E. Scott Carson. The opinion states the case.

*Messrs. Earle & Purdy*, for appellant.

*Messrs. Haynsworth & Cooper*, contra.

February 19, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The respondent presented an account as sheriff of Sumter County to the county commissioners. Among other items in this account were charges in connection with carrying prisoners from Sumter to several places and returning. The items for this duty were, first, six cents per mile, and in addition thereto the railroad fare in four cases, to wit: $3.50, $3.00, $2.60, and $3.00. The commissioners allowed the charge of six cents per mile, but disallowed the claims of railroad fare. The sheriff appealed to the Circuit Court, his honor, Judge Wallace, presiding, who reversed the judgment of the commissioners, and decreed that the sheriff was entitled to the amount charged by him as above.

The case is now before us on appeal by the county. The question involved turns upon the construction which shall be given to the act of assembly in such cases. *Gen. Stat.*, § 2437. That act provides that the sheriff shall be paid in such cases "for every mile going and returning, besides all necessary expenses, six cents." This act must be construed in accordance with the intent of the legislature, and that intent must be reached through the words used, if possible. Now, what was meant? There is no doubt that six cents for every mile going and returning was intended, and it is equally clear that the sheriff was not limited to this amount in every case, because the act distinctly states that besides the six cents he should also be allowed his necessary expenses. We do not see how any other interpretation can be given to the language used.

But it is contended that while this may be true as to other necessary expenses besides travelling expenses, yet that the six cents allowed per mile were allowed to cover the travelling expenses, including in this case the railroad fare, and this argument is based upon the usual meaning of the term mileage, which is defined by Mr. Webster to be "an allowance for travelling, or so much by the mile," and also defined in 2 *Bouv. Law Dict.*, 149, "as a compensation allowed by law to officers for their trouble and expenses in travelling on public business." There would be much force in this position if the term mileage was used in the act in question, but that term is not used. In the fee bills that

term is used in reference to some of the official acts of the sheriff, such as serving writs, summonses, and executions, &c., but not in this act in reference to conveying prisoners, &c.

Its omission in this act must have been intentional and for a purpose. We think that purpose must have been to allow the sheriff in such cases the six cents per mile and such necessary expenses as he might incur, and the phraseology used was adopted simply as a rule by which the compensation in each case might be measured and ascertained, to wit, six cents per mile going and returning, this amount in each case, of course, depending upon the distance, and then in addition the expenses necessarily incurred. Any other construction would deprive the sheriff of all compensation for his trouble and responsibility, except the difference between the six cents allowed per mile and the amount actually paid out by him as railroad or other fare for transportation, which in many cases would be very small. We concur in the ruling of his honor below.

And it is the judgment of this court, that the judgment of the Circuit Court be affirmed.